## C. D. F. Smith v. Albert M. Billings,

68 603
169s 294

1. TRIAL BY THE COURT—*Finding Conclusive.*—Where the trial is by the court without a jury the finding is, as a general rule, conclusive.

Assumpsit, for attorney's services. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

WILLIAM P. BLACK, attorney for appellant.

WINSTON & MEAGHER, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit brought March 8, 1894, by appellant to recover compensation for services as an attorney rendered from January 1, 1885, to October 7, 1893.

Nothing has ever been paid for the alleged services, and appellee denies not only the employment, but the service.

The cause was tried by the court, a jury having been waived.

The plaintiff also sought to recover from the defendant a balance claimed to be due plaintiff for fifty-two shares of the capital stock of the Home National Bank of Chicago, alleged to have been sold by the plaintiff to the defendant June 11, 1891.

The court found the issues and rendered judgment for the defendant.

No complaint is made as to any holding of the court below upon any proposition of law; the entire argument, here made, is as to the alleged erroneous conclusion of the Circuit Court upon questions of fact.

We have examined the voluminous abstract and briefs here presented, and are unable to say that the preponderance of the evidence is such that we ought to reverse the conclusion arrived at by the court below.

We regard the letter written by appellant February 13, 1893, after the termination of all the service and all the transactions for which a recovery is here sought, as inconsistent with the plaintiff's claim.  True, appellant was, when he wrote this, upon a sick bed, but it does not appear that his mental faculties were impaired, or his understanding clouded.

The letter is rational, intelligent, consistent; it is simply not in agreement with the claim now made.

The evidence in the case is contradictory.  Had we heard the cause in the court below we might have come to a different conclusion.  The question presented to us, is not what we regard the preponderance of the evidence shows, but is the clear preponderance of the evidence so opposed to the finding that it must be set aside?  This we are unable to hold.  It is no uncommon thing for men to regard transactions very differently, and consequently be at variance as to obligations, if any, arising therefrom.  Such condition exists in the present case.

The judgment of the Circuit Court is affirmed.